Stephen Z. Starr
Vildan E. Starr
STARR & STARR, PLLC
260 Madison Avenue, 17th Fl.
New York, New York 10016
(212) 867-8165

Attorneys for Bienvenida Sosa

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
In re:                          :   Chapter 7 Case No.
                                :
Bienvenida Sosa,                :   11-11408 (SHL)
                                :
                    Debtor.     :
                                :
-------------------------------x

### CERTIFICATE OF TRANSLATION OF ALAN R. GRAY, JR., ESQ.

I, Alan R. Gray, Jr., declare as follows:

1. I am an attorney duly licensed to practice before the courts of the State of New York, and to practice before, among others, the United States District Court for the Southern District of New York, as well as this Court, pursuant to Local Bankruptcy Rule 2090-1(a).

2. I am an Associate at the law firm of Hausman & Pendzick, which maintains offices at 440 Mamaroneck Avenue, Suite 408, Harrison, New York, 10528.

3. Pursuant to N.Y. C.P.L.R. 2101(b) and, *e.g.*, *Sicom S.P.A. v. TRS Inc.*, 168 F.Supp.3d 698, 709-10 (S.D.N.Y. 2016), I certify that the within translation, which was made by me, is accurate, and that I am ably qualified to make this translation by virtue of my aforementioned fluency in both the English and Spanish languages.

4. I further certify and affirm that I am academically and professionally qualified to serve as a translator from Spanish to English for the instant application. In 2007 – at the age of

seventeen – I scored "6" out of "7" on the International Baccalaureate Spanish B Standard Level exam, which "reflect[ed] competent understanding of all essential meaning in speech and writing[,] [and that I] [c]onsistently communicate[d] coherently[.]" "Diploma Programme (DP) grade descriptors," International Baccalaureate Organization, May 2007, *available at* http://bit.ly/1VSGwvh (last accessed Jan. 19, 2017). Subsequently in 2011, I graduated from the Harriet L. Wilkes Honors College of Florida Atlantic University in Jupiter, Florida, with my Bachelor's Degree *cum laude* in Liberal Arts & Sciences, with a double concentration in Law & Society and Spanish. As part of the coursework for my concentration in Spanish, I not only studied the Spanish language and Hispanic culture, but also a wide variety of Spanish language literature from the *Reconquista* to the present, and from not only Spain, but also Central America, South America, and the Caribbean. All of this coursework was conducted *exclusively* in the Spanish language. Furthermore, I participated in a study abroad to Guatemala during the summer of 2008, during which I studied immigration and transnationalization, and in an internship in Barcelona, Spain during the summer of 2010, during which I worked for a Spanish attorney who specialized in immigration and international commercial transactions. From time to time since then to the present, I have continued to engage others, both personally and professionally, in the Spanish language, thereby retaining the fluency that I worked over eight years to obtain.

5. I have supplied affirmations of translation to the courts of the State of New York in prior cases, which have been held admissible:

| Case Name | Index No. | Court | NYSCEF Doc. No. | Description of Document |
|---|---|---|---|---|
| Merino v. Lander | 63357/2013 | Supreme Court, Westchester County | 34-35 | My affirmation of translation of a guardian's petition for an infant's compromise order |
| | | | 55 | Lefkowitz, J., signing an Order to Show Cause based upon, in part, my affirmation of translation |
| | | | 58, 60 | Lefkowitz, J., signing an Infant's Compromise Order based upon, in part, my affirmation of translation |
| Padilla v. Biel | 507311/2013 | Supreme Court, Kings County | 29 | My affirmation of translation and the plaintiff's affidavit in support of his motion for summary judgment |
| | | | 32 | Defendants' affirmation in opposition to motion, not contesting my affirmation of translation |
| | | | 38 | Walker, J., denying the plaintiff's motion, but not on grounds of the insufficiency of my affirmation of translation or the plaintiff's affidavit |
| Perez v. Melendez | 63696/2015 | Supreme Court, Westchester County | 11 | My affirmation of translation and the plaintiff's affidavit in support of his motion for summary judgment |
| | | | 19 | Bellantoni, J., granting plaintiff's motion and relying, in part, on the plaintiff's affidavit, as translated |

11-11408-shl    Doc 11    Filed 01/25/17    Entered 01/25/17 16:13:53    Main Document
Pg 4 of 7

| Case Name (cont'd) | Index No. (cont'd) | Court (cont'd) | NYSCEF Doc. No. (cont'd) | Description of Document (cont'd) |
|---|---|---|---|---|
| Ramirez v. Santana | 21166/2013 | Supreme Court, Bronx County | 81 | My affirmation of translation of the plaintiff's affidavit in opposition to the defendants' threshold motion |
|  |  |  | 99 | Brigantti, J., denying defendants' motion |
| E. S. ex rel. Salas v. Portorreal | 57094/2016 | Supreme Court, Westchester County | 1 | My affirmation of translation and a guardian's petition for an infant's compromise order |
|  |  |  | 21 | Lefkowitz, J., signing Order to Show Cause based upon, in part, my affirmation of translation |
|  |  |  | 24 | Lefkowitz, J., signing an Infant's Compromise Order based upon, in part, my affirmation of translation |
| Salvador v. Rodulfo | 52794/2013 | Supreme Court, Westchester County | 33 | My affirmation of translation and a guardian's petition for an infant's compromise order |
|  |  |  | 62 | Lefkowitz, J., signing Order to Show Cause based upon, in part, my affirmation of translation |
|  |  |  | 67 | Lefkowitz, J., signing an Infant's Compromise Order based upon, in part, my affirmation of translation |

6. Finally, I have also provided my services as an interpreter to the other attorneys in my office in *inter alia* preparing clients for examinations before trial as well as to testify at trial.

7. In light of the foregoing, I affirm, under penalty of perjury, and certify that the Declaration of Bienvenida Sosa, dated January 19, 2017, and annexed hereto, translates to the

English language as follows (excluding caption, notary clause, and bracketed material on Pages 4 and 5):

    I, Bienvenida Sosa, declare as follows:

1. I am a native Spanish speaker and do not speak or read English.

2. I am over 18 years of age and I had a bankruptcy case.

3. This declaration is based upon what I know, except with respect to such matters stated upon information and belief, and as to such matters I believe them to be true.

4. This declaration is being submitted in support of my motion (the "Motion") seeking to reopen my bankruptcy case so I can pay what I owe.

5. I am currently 70 years old. I attended school up to the 7th grade in the Dominican Republic. I do not read very well. I came to the United States in the 1970s, and I am a citizen. I have never had a job – I was always a homemaker. I was married until the 1990s, but am now divorced and single. I support myself through the receipt of Social Security Survivor's Benefits and food stamps.

6. Other than my Bankruptcy Case that is the subject of the Motion, I have never previously filed bankruptcy.

7. I hired a bankruptcy attorney named Ismael Gonzalez in 2008. I saw his commercial on television. Since I was receiving calls from people threatening to take my things, and saying I was going to be in trouble, I was afraid. I called Mr. Gonzalez for help. I attended a meeting with Mr. Gonzalez by myself. I decided not to inform my family members out of shame. Attached hereto as **Exhibit "A"** is a copy of the agreement with the bankruptcy attorney that the office gave me. My handwriting is not on the document. That is not my signature at the bottom.

8. Mr. Gonzalez asked me for my Social Security Number. I gave him all of my credit cards, my passport and my citizenship card. Mr. Gonzalez asked me if I was the owner of a home, a vehicle, if I had money in a bank account and if I worked. To each my answer was no. He asked if I had furniture and I responded yes. I do not remember if Mr. Gonzalez had asked if I had any accidents or lawsuits. But if he had asked me if I had accidents or lawsuits, in 2008, I would have responded no. Mr. Gonzalez advised me that I had to owe seven thousand dollars to declare myself bankrupt. He made me an "account" but I do not know from what. I only signed one document, but I do not know what I signed. I paid Mr. Gonzalez $100. Mr. Gonzalez advised me that he would not commence my bankruptcy case until I had paid him and my arrangement was $100 a month. This took years. The day that I hired Mr. Gonzalez was the only day that I saw him and

no one from his office ever called me back to ask more questions. I have been advised that the Bankruptcy Case was filed on March 20, 2011.

9. I have looked at the documents attached hereto as **Exhibit "B"** which I have been told are the bankruptcy petition and the schedules filed on my behalf. I cannot read the petition because it is in English. I have been told that the bankruptcy petition says that I am retired, but I have never had a job.

10. At the time that my Bankruptcy Case was filed I did not have, nor do I have now, any real estate, nor a car.

11. My current bankruptcy attorney, Mr. Starr, has advised me that it is the practice of his Firm to require all personal bankruptcy clients to complete a "Bankruptcy Questionnaire" which requires them to answer questions in writing to provide information to prepare a bankruptcy petition and schedules. I do not recall Mr. Gonzalez having me fill out any sort of written questionnaire.

12. Later I received a call from Mr. Gonzalez's secretary telling me that I had to go somewhere for my bankruptcy case.

13. At the place where I went there were around sixty people. I did not see Mr. Gonzalez there. I was not prepared for what happened. There was a man and a woman present and they asked questions. The questions were translated to Spanish. They asked me about my name and address. They asked me questions which I don't remember about my bankruptcy petition. I did not understand what was happening and I was nervous. I do not remember questions about accidents. If I had been asked, I would have answered honestly. If I had been asked if I had filed a lawsuit, at that time, it was my understanding that I did not and I would have answered like that.

14. I have been advised by my bankruptcy attorney, Mr. Starr, that the questions were recorded. My attorneys have requested a copy of the recording, but have been advised that the recordings are no longer available.

15. After I had hired Mr. Gonzalez in 2008 to file my Bankruptcy Case, but before March 20, 2011, I had an accident and I was injured. On September 5, 2010, I went shopping at the Pioneer supermarket on Webster Avenue, in the Bronx, and after leaving the store I tripped and fell, injuring my neck, back and left knee. I needed surgery on my knee and then had to replace the knee in 2013. I still owe money to the doctors that helped me.

16. Since I still haven't received any money for my accident, I did not know that it should have been reported to my bankruptcy lawyer or to the Court. It was not my intention to hide the accident.

17. I hired Hausman & Pendzick to help me after I fell. I never told them about the bankruptcy because I did not know that it was important for them to know.

18. I want my Bankruptcy Case to be reopened and to pay what I owe if I receive money due to my injury in the September 5, 2010 accident.

19. I have been advised by my bankruptcy attorney, Mr. Starr, and understand that once my Bankruptcy Case is reopened the Personal Injury Case cannot be settled without the approval of the Trustee and the Bankruptcy Court.

20. I have been advised by my injury attorney, Ms. Pendzick, that she thinks that the recovery I may obtain in my injury case will be much more than I will owe.

21. I respectfully request that the Court grant the Motion and enter an order that reopens my Bankruptcy Case.

This declaration has been read to me before I signed it.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed in Harrison, New York the 20th day of January, 2017.

By: /s/ _____
Bienvenida Sosa

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed in Harrison, New York the 20th day of January, 2017.

By: _____
Alan R. Gray, Jr.

-7-