Stephen Z. Starr
STARR & STARR, PLLC
260 Madison Ave., 17th Floor
New York, New York 10016
tel. (212) 867-8165
fax (212) 867-8139
email sstarr@starrandstarr.com

Attorneys for Bienvenida Sosa

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | : | |
|---|---|---|
| In re: | : | Chapter 7 Case No. |
| | : | |
| Bienvenida Sosa, | : | 11-11408 (SHL) |
| | : | |
| Debtor. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER REGARDING MOTION TO REOPEN
CHAPTER 7 BANKRUPTCY CASE OF BIENVENIDA SOSA**

Bienvenida Sosa, the debtor ("Debtor") in the above-captioned case, by and through her attorneys, Starr & Starr, PLLC, having filed a motion dated January 25, 2017 (the "Motion") [ECF No. 11] seeking (a) to reopen her bankruptcy case, pursuant to section 350 of Title 11 of the United State Code, 11 U.S.C. § 101 *et seq*. ("Bankruptcy Code"), Rule 5010 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Bankruptcy Rule 5010-1, (b) issuance of a temporary restraining order, pursuant to 11 U.S.C. § 105(a), staying the Debtor's personal injury action captioned as <u>Bienvenida Sosa vs. Bedford Boulevard Food Corp and the New York Botanical Gardens</u> (Index No. 21249/2011) pending in New York Supreme Court, Bronx County, consolidated with a second action pending in New York Supreme Court, Bronx County captioned as <u>Bienvenida Sosa vs. Automotive Realty Corp. and "John Doe Corporation"</u> (Index No. 23146/2013) (such consolidated actions together, the "Personal Injury Action") pending the Bankruptcy Court's determination of the Motion, (c) directing the Office of the

United States Trustee to appoint a chapter 7 trustee ("Trustee") in the reopened bankruptcy case, (d) an order of abandonment of the Personal Injury Action, pursuant to 11 U.S.C. § 554 and Bankruptcy Rule 6007(b), by the Trustee to the Debtor *nunc pro tunc* to the date of the Debtor's bankruptcy filing on March 30, 2011, (e) the granting of a nondischargeable lien against the Personal Injury Action and any recovery therein in favor of the Trustee and the Debtor's bankruptcy estate sufficient to cover all creditors' claims in the Bankruptcy Case, and costs of administration, (f) an order providing that the Debtor shall not settle the Personal Injury Action without the written consent of the Trustee, and (g) such other and further relief that the Court deems just and proper, and a hearing (the "Hearing") having been scheduled on shortened notice brought on by Order to Show Cause, pursuant to Bankruptcy Rule 9009(c) and Local Bankruptcy Rule 9077-1, on February 8, 2017 at 10:00 a.m., before the Honorable Sean M. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, Courtroom 701, New York, New York 10004 to consider the Motion; and the Court having determined that it has jurisdiction over the Motion, pursuant to 11 U.S.C. § 350(b) and 28 U.S.C. §§ 157(a) and 1334(a)-(b), that venue is proper, pursuant to 11 U.S.C. § 350(b) and 28 U.S.C. §§ 1408 and 1409, and that the Motion presents a core proceeding, pursuant to 28 U.S.C. § 157(b); and the Court having found that proper, timely, adequate and sufficient notice of the Motion and the relief requested therein having been given under the circumstances; and the Court having issued an Order to Show Cause on January 26, 2017 [ECF No. 16] containing a Temporary Restraining Order, pursuant to 11 U.S.C. § 105(a), staying the Personal Injury Action and defendants therein, The New York Botanical Garden, Bedford Boulevard Food Corp. and Automotive Realty Corp. and temporarily restraining and enjoining them from litigating the Personal Injury Action, and seeking determination of any motions or applications from the New

York Supreme Court, Bronx County, in or regarding the Personal Injury Action; and Salvatore LaMonica, Esq., the former Trustee in the Debtor's bankruptcy case having filed a Statement in Response to the Motion (the "Statement"); and objections (the "Objections") to the Motion having been filed by defendants in the Personal Injury Action, The New York Botanical Garden and Bedford Boulevard Food Corp.; and appearances of counsel having been made as noted on the record at the Hearing; and having considered the Motion and its exhibits, the Debtor's declaration dated as of January 20, 2016, the declaration of the Debtor's personal injury counsel, Elizabeth M. Pendzick, Esq., dated as of January 20, 2017, and the declaration of the Debtor's current bankruptcy attorney, Stephen Z. Starr, Esq. dated January 25, 2017, and the Statement and the Objections; and argument of counsel for and against the Motion as made at the Hearing; and after due deliberation and sufficient cause having been shown thereof,

The Court finds as follows:

1. It is in the best interest of creditors and the Debtor's bankruptcy estate that the above-captioned bankruptcy case be reopened, and a chapter 7 trustee appointed, so that any recovery obtained by the Debtor in Personal Injury Action will go to satisfy creditors' claims in this bankruptcy case.

Based on the foregoing, it is hereby:

**ORDERED**, that the Motion is granted to the extent set forth herein *for reasons stated at the hearing on February 8, 2017.*; and it is further

**ORDERED**, that the Objections are overruled; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 350(b), the above-captioned bankruptcy case is hereby reopened for the purpose of allowing a chapter 7 trustee in the reopened case to administer any recovery obtained in the Personal Injury Action; and it is further

**ORDERED**, that pursuant to Rule 5010 of the Bankruptcy Rules, the United States Trustee is directed to appoint a chapter 7 trustee ("Appointed Trustee") for the reopened case; and it is further

**ORDERED**, that, upon reopening of the case, the United States Trustee shall schedule a meeting of creditors pursuant to § 341(a) of the Bankruptcy Code (the "Meeting of Creditors"); and it is further

**ORDERED**, upon appointment of the Appointed Trustee by the United States Trustee the Personal Injury Action shall be deemed abandoned, *nunc pro tunc*, to March 30, 2011 to the Debtor; and it is further

**ORDERED**, that the Appointed Trustee, upon appointment by the United States Trustee, is hereby granted a nondischargeable lien in the Personal Injury Action against such action and any recovery by the Debtor for the full amount of any recovery obtained in the Personal Injury Action; and it is further

**ORDERED**, that the Temporary Restraining Order, pursuant to 11 U.S.C. § 105(a), contained in the Order to Show cause staying the Personal Injury Action and defendants therein, The New York Botanical Garden, Bedford Boulevard Food Corp. and Automotive Realty Corp. from litigating the Personal Injury Action, and seeking determination of any motions or applications from the New York Supreme Court, Bronx County, in or regarding the Personal Injury Action, is hereby dissolved and there is no further stay or restraint in effect, including no stay pursuant to 11 U.S.C. § 362(a), and this Order shall be effective immediately upon its entry; and it is further

**ORDERED**, that the Debtor, through her counsel, shall file a certified copy of this Order after its entry with the Bronx County Clerk and serve a copy thereof on all parties in the Personal

Injury Action, and shall file a certificate of service in the bankruptcy case reflecting such service; and it is further

**ORDERED**, that the Debtor shall not settle the Personal Injury Action without the written consent of the Appointed Trustee; and it is further

**ORDERED**, that any recovery obtained in the Personal Injury Action shall be paid over to the Appointed Trustee to administer in accordance with the Bankruptcy Code, for the Appointed Trustee to distribute, as authorized by the Bankruptcy Court, to claimants, the Debtor and the Debtor's personal injury counsel and other retained professionals of the Debtor; and it is further

**ORDERED**, that the Debtor shall file amended Schedules and a Statement of Financial Affairs (collectively, the "Amended Schedules") to the extent necessary to account for any changes in the Debtor's circumstances that occurred between the time of completion of her bankruptcy schedules and filing of her bankruptcy case (the "Pre-Petition Gap") , The Amended Schedules shall be filed not later than 30 days following the entry of this Order; and it is further

**ORDERED**, that pursuant to Rule 4003(b) of the Bankruptcy Rules, the Appointed Trustee or any party in interest may file an objection to any claim of exemptions within 30 days after the Meeting of Creditors is concluded or within 30 days after the filing of such amended Schedule C, whichever is later; and it is further

**ORDERED**, that pursuant to Rule 3002(c)(5) of the Bankruptcy Rules, the Clerk shall give at least 90 days' notice by mail to creditors of a deadline for filing proofs of claim; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the enforcement or interpretation of this Order.

Dated: New York, New York
       February 21, 2017

                                                          */s/ Sean H. Lane*
                                                     Honorable Sean H. Lane
                                                     United States Bankruptcy Judge